Mildred A. PAGE, Executrix of the Last Will of Harry G. Page, Deceased, and Mildred A. Page, in her own right,

v.

Kenneth R. HOOPER.

Civ. A. No. 16890.

United States District Court
E. D. Pennsylvania.

Oct. 19, 1955.

Richard P. Brown, Jr. (of Morgan, Lewis & Bockius), Philadelphia, Pa., for plaintiffs.

I. Bernard Rotberg, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on motion of defendant for a protective order under Federal Rules of Civil Procedure, Rule 30(b), 28 U.S.C.A., requiring plaintiff to reimburse defendant for his travel and hotel expenses in coming from Sudbury, Massachusetts, to Philadelphia for purposes of having his deposition taken by the plaintiff. Defendant has filed a supporting statement alleging that his wife has been ill and he has been put to great expenses recently, that he has no funds to pay for his expenses of traveling to and from Philadelphia, including hotel bills and meals which he estimates to be $125, and that he wishes the answers to his depositions could be taken in Massachusetts. However, it is noted that the round-trip coach fare from Sudbury, Massachusetts, to Philadelphia is $23.88.

The plaintiff has filed a motion to compel the defendant to attend a deposition in Philadelphia within twenty days from the date of the order attached to plaintiff's motion.

The record discloses that in March 1954 plaintiff's decedent was struck and killed by an automobile driven by the defendant. This action, alleging that defendant's negligence caused injuries to, and the death of, plaintiff's decedent, was commenced in May 1954 and service was made on the defendant in July 1954. On or before August 3, 1954, counsel for plaintiff orally requested counsel for defendant to make defendant available for the taking of his deposition. Since counsel for plaintiff was unsuccessful in repeated attempts to take defendant's deposition during the fall of 1954, Chief Judge Kirkpatrick entered an order on February 18, 1955, ordering the defendant to "appear and make himself available for the taking of his deposition * * * within forty-eight hours following the first date upon which defendant is present at any point in the continental United States within three hundred and fifty miles of the United States Court House, Philadelphia, Pennsylvania * * *. Defendant is further ordered to notify his counsel, who in turn is directed to notify counsel for plaintiff, not less than four days prior to defendant's arrival at such point * * *." On February 18, 1955, counsel for defendant notified defendant's wife that she should notify him of defendant's Navy address so that if his ship is harbored in "some convenient locality or Boston we would be able to notify the other attorney so that he could proceed with his questioning." Again, by letter of March 10, counsel for defendant forwarded to defendant's wife a copy of the above-mentioned order of February 18, 1955, and again asked how to reach defendant.

On or about April 2, 1955, counsel for defendant learned that defendant was assigned to the U.S.S. Cascade (AD–16), c/o Fleet Post Office, New York, and delivered this information to counsel for plaintiff. From a reading of letter dated April 27, 1955, a copy of which is attached to this opinion and order, it is clear that the defendant knew by this date that the plaintiff was anxious to take his deposition as soon as possible. This letter of April 27, 1955, from the Commanding Officer of the U.S.S. Cascade states that Mr. Hooper "has been contacted in respect to this case and stated arrangements have been made

through his attorney * * * to contact (counsel for plaintiff's) office in relation to the date Mr. Hooper would be available."

The U.S.S. Cascade (AD–16) is a destroyer tender and was, during the period from April 2, 1955, until the defendant was no longer assigned to it, based at Newport, Rhode Island, which is located within three hundred and fifty miles of Philadelphia. During the great majority of the time between April 2, 1955, and the time that the defendant was no longer assigned to the U.S.S. Cascade, that ship was at the Naval Operating Base, Newport, Rhode Island, and was not at sea. In addition to counsel for plaintiff's attempt to take defendant's deposition through the Commanding Officer of the U.S.S. Cascade, counsel for plaintiff also again requested counsel for defendant to make defendant available for the taking of his deposition on June 13, 1955. On August 12, 1955, counsel for defendant for the first time notified counsel for the plaintiff that defendant was out of the service and available for the taking of depositions if counsel for plaintiff communicated with John Rice, Esq., of Marlboro, Mass.

It will be noted that the order of February 18, 1955, contemplated that the defendant would be made available for the taking of his deposition within forty-eight hours following the first date upon which he was present at any point in the continental United States within three hundred and fifty miles of Philadelphia and not after he was discharged from the service.

Under these circumstances, it is clear that the defendant in this case has flagrantly disregarded the court's order of February 18, 1955, and is not entitled to the protective order which his counsel seeks. Counsel for plaintiff has agreed to arrange for defendant's deposition over a weekend if this is necessary to prevent defendant's absence from work.